Jacob S. Wessel, Esq.  ISB #7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
wessel@thwlaw.com

  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALEXIS JOHNSON, | ) | Case No. 18-CV-495 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| GOLDEN VALLEY NATURAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Alexis Johnson, for cause of action against defendant Golden Valley Natural, LLC

hereby states and alleges as follows:

**NATURE OF THE ACTION**

1.       This is an action under Title VII of the Civil Rights Act seeking declaratory,

injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees

for the sex, gender, and race/national origin hostile work environment and discrimination suffered

by Plaintiff  while she worked for Defendant, and for constructive discharge.

1 -      COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

2.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      This Court has jurisdiction over the subject matter of this complaint  pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-16(c) and (d) and 42 U.S.C. § 2000e-5(f).

4.      Declaratory, injunctive, and equitable relief is sought pursuant to  28 U.S.C. § 2201, 2202 and 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(g); compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

5.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(k) and Fed R Civ P 54. 4.

6.      The employment practices alleged herein were committed in the District of Idaho, County of Bingham.

## PROCEDURAL REQUIREMENTS

7.      Plaintiff has filed a charge of unlawful employment practices with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

8.      On January 30, 2019 the United State Equal Employment Opportunity Commission issued to plaintiff a notice of right to sue; Plaintiff has filed this complaint within 90 days from the date she received the dismissal of her EEOC action.

## PARTIES

9.      Plaintiff Alexis Johnson is a resident of Shelley, Bingham County, Idaho.

10.      Plaintiff Alexis Johnson is a white young female; she speaks only English and does not speak Spanish.

2 -      COMPLAINT AND DEMAND FOR JURY TRIAL

11.     Defendant Golden Valley Natural, LLC is an Idaho limited liability company in good standing with its principal place of business in Bingham County, Idaho.

12.     Defendant employs and has employed during the relevant periods more than 15 employees and was engaged in an industry affecting commerce.  At all material times, Defendant was and is an employer within the meaning of 42 U.S.C. § 2000e-16(a), 42 USC §12111(5), and 29 USC §2611(4).

### FACTS COMMON TO ALL COUNTS

13.     Plaintiff began working for Golden Valley Natural, LLC in November, 2017 in defendant's factory in Shelley, Bingham County, Idaho on the raw side (blue) of production cutting and cooking meat.

14.     In January, 2018 Plaintiff was moved to the cooked side (white) of production.

15.     Plaintiff's line supervisor on the white side was named Andrew, and as a term and condition of her employment, she had to follow Andrew's instructions.

16.     One of the first things Andrew said to Plaintiff was "I hear that bigger girls give the best blow jobs, can you verify that?"

17.     Plaintiff told supervisor Andrew that was inappropriate, and she immediately reported this to Quality Control (QC) Alma Roach as this was the chain of command for reporting problems.  Ms. Roach simply stated that Andrew does that to everyone, but did nothing to stop this behavior.

18.     This sexual harassment continued during the entire time Plaintiff worked for Golden

3 -     COMPLAINT AND DEMAND FOR JURY TRIAL

Valley Natural, LLC, but despite Plaintiff reporting this behavior, Defendant refused to do anything about it.

19.    While Plaintiff worked at Golden Valley Natural, LLC, 90% of the time Spanish was spoken.

20.    The Spanish workers and supervisors called Plaintiff "Puta" 20 to 30 times every day. In English this translates to "prostitute" or "whore." Defendant's workers and supervisors also called Plaintiff "pinche gringa" or "pinche Americana" 20 to 30 times per day. In English this translates to "fucking white woman" or "fucking American woman." Almost everyone at the plant called Plaintiff these names.

21.    During her time there, Plaintiff was the only white woman under 40 working at the plant.

22.    Plaintiff was also treated differently by the Hispanic workers and supervisors in her job duties. The following are just a few examples of this disparate treatment based upon my race:

        a.    Plaintiff worked twice on the white side under the line supervisor, Julio. The first time she worked on his line, he had her doing the job of putting meat through the scanner. She put one piece of meat through the scanner, and he told her to go do something else such as bagging. He said, "White people can't do anything right." He then sent her home three hours early.

        b.    The second time Plaintiff worked on Julio's line, she was separating meat into bags. Julio wouldn't let her do the work, and he kept putting a new Hispanic woman in Plaintiff's place who hadn't been trained to do what

4 -    COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff was doing.  He kept calling Plaintiff a "Pinche Gringa,"and then he sent her home.

23.     Plaintiff reported this behavior to the head of production at the plant, Luis, each time Julio did this, but Golden Valley Natural, LLC never did anything to correct this.

24.     When Plaintiff worked at Golden Valley Natural, LLC, she went home crying much of the time because of the racial and sexual harassment she experienced every day.

25.     Finally, on February 8, 2018, I was constructively discharged;  No reasonable white woman should or would ever work under those conditions.

## COUNT I
## (RACE AND NATIONAL ORIGIN DISCRIMINATION,
## DISPARATE TREATMENT AND HOSTILE WORK ENVIRONMENT AND SEXUAL HARASSMENT)
## (TITLE VII)

26.     Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above as if set forth at length herein.

27.     From Novewmber, 2018 through on or about February 8, 2018, plaintiff was employed with the Defendant as a full time employee working at defendant's plant in Bingham County Idaho.

28.     Plaintiff is white, and only speaks English.

29.     From the first day of her employment with Defendant, Plaintiff's supervisors created a hostile work environment based upon her race and gender by constantly harassing her and other white women in the work place.

30.     Plaintiff reported the racial and sexual harassment, but they simply ignored the problem.

5 -     COMPLAINT AND DEMAND FOR JURY TRIAL

31.     In January, 2018 Defendant sent Plaintiff home due to her gender and race and gave her job duties to a less qualified, Hispanic coworker.

32.     Plaintiff reported this disparate treatment to her supervisor and the plant manager, bu they simply ignored the problem.

33.     After January, 2018, Defendant and its supervisors did everything in their power to try to cause Plaintiff to quit.

34.     On or about February 8, 2018, due to the hostile work environment based upon race and sex and due to being treated differently from the Hispanic coworkers at the plant, Plaintiff was forced to quit and was constructively discharged by Defendant in violation of Title VII of the Civil Rights Act.

35.     As a result of Defendant's intentional acts alleged herein, plaintiff suffered severe emotional distress, mental pain and anguish, embarrassment, loss of dignity and self-esteem, humiliation, loss of enjoyment of life, and decline in her physical and emotional health in such amount as may be available under applicable law.

36.     Defendant's acts were done intentionally with an improper, abusive, discriminatory, motive, and with reckless indifference to plaintiff's federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages in the amount of $300,000.00,or as otherwise fixed by a jury and available under applicable law, should be awarded to punish defendant and deter such conduct in the future.

37.     Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following: 42 U.S.C. § 2000e-16(d) and 42 U.S.C. § 2000e-5(k) and any other applicable statute.

6 -     COMPLAINT AND DEMAND FOR JURY TRIAL

## DAMAGES

38.    Plaintiff incorporates paragraphs 1 through 37 of this Complaint and Demand for Jury Trial as if set for fully herein;

39.    As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered a loss of earnings and benefits.  Plaintiff is entitled to back pay and benefits from the date of termination to the date of trial in an amount to be proven at trial.  Further, reinstatement is not an option.  As an equitable remedy in lieu of reinstatement, Plaintiff is entitled to an award of front pay and benefits in an amount to be proven at trial.

40.    Plaintiff is entitled to a permanent injunction enjoining defendant, its owners, officers, management personnel, employees and all persons in active concert or participation with Defendant from engaging in any employment practice which discriminates on the basis of disability.

41    As a further result of Defendant's intentional acts alleged herein, Plaintiff suffered emotional distress for which Plaintiff should recover such general damages in such amount as may be available under applicable law and in an amount to be proven at trial.

42.    Defendant's acts were done intentionally, with an improper discriminatory motive and with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is entitled to an award of punitive damages in an amount to be proven at trial.

43.    Plaintiff is entitled to an award of pre-judgment interest and post-judgment interest on all amounts awarded to Plaintiff on account of Defendant's discrimination.

44.    Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein pursuant to 42 USC §12117(a), 42 USC §12205 or other applicable statute or court rule.

WHEREFORE, Plaintiff requests the court to:

7 -    COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Assume jurisdiction over Plaintiff's causes of action set forth herein;

2.      Grant a permanent injunction enjoining defendant from engaging in any employment practice which discriminates on the basis of sex, race, or disability;

3.      Order defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including physical and emotional pain and suffering, in amounts as are determined at trial;

4.      Order Defendant to pay Plaintiff punitive damages in an amount to be determined at trial;

5.      Award Plaintiff damages for lost income and benefits as back pay from date of termination to date of trial, in an amount to be proven at trial;

6.      Award Plaintiff front pay and benefits as an equitable remedy in lieu of reinstatement in an amount to be proven at trial;

7.      Award Plaintiff her costs of suit and reasonable attorney fees, costs and expert witness fees pursuant to 42 USC §12117(a), 42 USC §12205, and 29 U.S.C. § 2617(3);

8.      Order Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff as a result of this action.

9.      For such further or alternative relief in favor of Plaintiff as the court deems appropriate.

DATED this 27th day of March, 2019.

THOMSEN HOLMAN WHEILER, PLLC

BY:      _____/s/_____
         Jacob S. Wessel, Esq.

8 -    COMPLAINT AND DEMAND FOR JURY TRIAL

JURY TRIAL DEMAND

Plaintiff demands jury trial on all issues triable to a jury in this matter.

DATED this 27th  day of March, 2019.

THOMSEN HOLMAN WHEILER, PLLC

By:      ___/s/_____
         Jacob S. Wessel, Esq.

JSW/10638/001 Complaint.wpd

9 -     COMPLAINT AND DEMAND FOR JURY TRIAL