UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXIS JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN VALLEY NATURAL, LLC,<br><br>Defendant. | Case No. 4:19-cv-00105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Golden Valley Natural, LLC's Motion in Limine. Dkt. 24. The motion is fully briefed and at issue.

# BACKGROUND

Trial in this matter is set for September 14, 2020. Johnson has claims for hostile work environment based upon sexual and racial harassment, disparate treatment based on sex and race ready for trial and constructive discharge. Defendant seeks to exclude certain witnesses from testifying at trial.

**ORDER - 1**

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

## ANALYSIS

### A. Testimony Regarding Other Instances of Harassment and the Duration of the Harassment

Golden Valley seeks to exclude testimony from Johnson, Pamela Cortez and other former employees about other instances of harassment involving themselves and other employees. Golden Valley also seeks to exclude testimony from Johnson and Cortez that this harassment continued the entire time of their employment. The Ninth Circuit has recognized that harassment of other female employees is relevant and probative of a defendant's "general attitude of disrespect toward female employees" in the context of a hostile work environment claim. *Zetwick v. County of Yolo*, 850 F.3d 436, 445 (9th Cir. 2017). Further, questions of proper foundation or objections to hearsay are best assessed when the statements are presented in

**ORDER - 2**

context at trial. Therefore, the Court will deny the motion as to the evidence of other instances of harassment and the duration of harassment that Johnson identified in her response to Defendant's motion.

### B.     Witness Disclosures

Golden Valley seeks to exclude Johnson's "family members," Justin Ruiz, Pamela Cortez, "Supervisor Andrew," and "Line Supervisor Julio" from testifying. Golden Valley argues that Johnson failed to identify which family members would testify and that Johnson failed to provide a summary of what these witnesses would testify about.

Johnson intends to call her father to testify regarding his personal observations of Johnson when she went home after work and after she quit. Johnson disclosed to Golden Valley that she would call her parents to testify about her damages in her Initial Disclosures. Therefore, the Court will deny the motion as to Johnson's father's testimony as described in her response.

Johnson intends to call Pamela Cortez to testify. Johnson disclosed Cortez as a potential witness in her Initial Disclosures to Golden Valley and a summary of her knowledge of relevant facts was stated in EEOC documents produced to Golden Valley. Therefore, the Court will deny the motion to exclude Cortez from testifying at trial.

Johnson does not intend to call Justin Ruiz, "Supervisor Andrew", "Line Supervisor Julio," or any other family members as witnesses at trial. Therefore, the Court will grant the motion as to these witnesses.

### C. Testimony from Johnson's Counselor

Defendant seeks to exclude testimony from Johnson's counselor and Johnson's medical records from Johnson's counselor. Johnson does not intend to call a counselor as a witness or introduce medical records related to her counseling at trial. Therefore, the Court will grant the motion as to Johnson's counselor.

### D. Testimony and medical records from Dr. Pamela Jensen

Golden Valley seeks to exclude testimony by Dr. Pamela Jensen and medical records regarding Johnson seeking treatment for depression caused by the harassment and discrimination she experienced while working at Golden Valley. Johnson does not intend to call Dr. Jensen as a witness or introduce medical records from Dr. Jensen at trial. Therefore, the Court will grant the motion as to Dr. Jensen's testimony.

### F. Johnson's Testimony Regarding her "Initial Trainer"

Golden Valley seeks to exclude Johnson's testimony regarding statements by her "Initial Trainer" about the procedure for reporting harassment claims. Johnson did not oppose this motion in her responsive briefing. Accordingly, the

motion will be granted.

**IT IS ORDERED that:**

1.  Golden Valley Natural, LLC's Motion in Limine (Dkt. 24) is GRANTED in part and DENIED in part, as explained above.

DATED: September 5, 2020

B. Lynn Winmill
U.S. District Court Judge