UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXIS JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN VALLEY NATURAL, LLC,<br><br>　　　　Defendant. | Case No. 4:19-cv-00105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Alexis Johnson filed this action against Defendant Golden Valley Natural, LLC, alleging race and national origin discrimination, disparate treatment, hostile work environment and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. A jury trial was held in this matter from September 14 to September 18, 2020. The jury returned found that Ms. Johnson was subjected to (1) disparate treatment on the basis of sex, gender, or race; (2) a hostile work environment created by a supervisor on the basis of sex, gender or race; and (3) a hostile work environment caused by a non-immediate supervisor or co-worker on the basis of sex, gender or race. In her complaint, Ms.

Johnson requested lost income and benefits in the form of back pay, non-economic damages, and punitive damages. Questions regarding economic, non-economic and punitive damages were submitted to the jury. Because back pay is an equitable remedy that must be determined by the Court, the jury's findings as to economic damages are an advisory finding only. As explained below, the Court will grant Plaintiff equitable relief in the form of backpay.

## BACKGROUND

In support of her claim for lost wages, Ms. Johnson presented expert testimony from Dr. Tyler Bowles. Dr. Bowles holds a Ph.D. in economics and is a certified public accountant with 30 years of experience. He relied on Ms. Johnson's employment file, the Complaint, Bureau of Labor Statistics data, an interview with Ms. Johnson and a narrative prepared by Ms. Johnson in forming his opinions.

While she was employed by Golden Valley Natural, Ms. Johnson earned nine dollars an hour. After leaving her job with Golden Valley Natural, Ms. Johnson was unemployed for 21 and a half weeks. Dr. Bowles testified that this period of unemployment falls within the average duration of unemployment for persons who lost a job in March or April of 2018. Based upon her past earnings, her wage, and assuming a 40-hour work week, Dr. Bowles calculated that Ms. Johnson's lost income equals $7,740. At the trial, Golden Valley Natural did not

dispute Dr. Bowles's lost wage calculations for Ms. Johnson.

## LEGAL STANDARD

There is no right to have a jury determine the amount of backpay to be awarded under Title VII. *Lutz v. Glendale High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005). Backpay is an equitable remedy to be awarded in the court's discretion. *Id.* The court may submit the question of back pay to the jury for advisory findings but is not bound by the jury's finding and should make a record of independent findings. Fed. R. Civ. P. 32(c)(1), 52(a)(1).

Back pay awards "advance 'Congress' intent to make "persons whole for injuries suffered through past discrimination."' *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020 (9th Cir.2000) (internal citations omitted). Thus, if liability is established, back pay should generally be awarded to the plaintiff unless it would "frustrate the central statutory purposes of eradicating discrimination" and "making persons whole for injuries suffered through past discrimination." *See Albemarle Paper,* 422 U.S. 405, 418-421 (1975).

## ANALYSIS

Based upon the jury's verdict in favor of the Plaintiff, and the undisputed evidence in the record, the Court exercises its discretion to award Ms. Johnson back pay as an equitable remedy in this case. Golden Valley has not argued, and there is no evidence in the record, that an award of back pay would frustrate the

Case 4:19-cv-00105-BLW   Document 58   Filed 10/08/20   Page 4 of 4

statutory purposes of Title VII. In addition, Golden Valley Natural did not dispute Dr. Bowles's calculation of Ms. Johnson's back pay. Under all these circumstances, the Court finds that Ms. Johnson is entitled to back pay in the amount of $7,740.

## ORDER

IT IS ORDERED that:

1. Plaintiff Alexis Johnson recover from the defendant Golden Valley Natural, LLC back pay in the amount of $7,740.

DATED: October 8, 2020

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4